```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

VINCENT MEIER,                      :
                                    :
    Plaintiff                       :
                                    :   CIVIL NO. 1:CV-05-1976
    vs.                             :
                                    :   (Judge Caldwell)
BRENDA WILDENSTEIN, *et al.*,       :
                                    :
    Defendants                      :

*M E M O R A N D U M*

*I.    Introduction*.

     Plaintiff is Vincent Meier, an Pennsylvania inmate housed at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), in Frackville, Pennsylvania.  On September 30, 2005, Meier filed a civil rights complaint alleging Eighth Amendment claims against his Unit Manager Brenda Wildenstein, John Doe corrections officers employed by the Pennsylvania Department of Corrections, and Barbara Coogan and Gerald Boyle, employees of the Prison Health Services, Inc., ("PHS").  Meier claims that the defendants failed to protect him from assault by his cellmate, Blackmore, and then were deliberately indifferent to his medical needs resulting in his suffering a stroke, and then a heart attack, due to the harsh physical conditions he was forced to endure when defendants failed to properly house him after the assault and accommodate his various medical needs.

Presently before the Court is Meier's Motion for Appointment of Counsel and Expert Witness. (Doc. 10). In support of his motion, Plaintiff asserts that the legal issues involving his claims of inadequate medical care are complex and will require the testimony of expert witnesses. As an indigent he cannot afford to retain counsel. Meier also requests, pursuant to Fed. R. Evid. 706, the appointment of an expert witness sufficiently familiar in "neurology and cardiovascular medicine to better inform this Court and a jury" in this matter. For the reasons that follow, Meier's request for counsel and an expert witness will be denied without prejudice.

*II.     Discussion.*

*A. Meier's Motion for Appointment of Counsel.*

This is a civil action, not a criminal one. Hence, there is no constitutional or statutory right to appointed counsel. *Montgomery v. Pichak*, 294 F.3d 492, 498 (3d Cir. 2002). Nor can the court compel a lawyer to represent an indigent plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993). Rather, appointment of counsel is governed by 28 U.S.C. § 1915 (e)(1) which provides that the court "may request an attorney to represent any person unable to afford counsel." Further, the court has no funds to pay an attorney who may accept appointment (although attorney's

-2-

fees are available under 42 U.S.C. § 1988 if a plaintiff becomes a "prevailing party" in the litigation). In short, "volunteer lawyer time is a precious commodity . . . ." *Montgomery, supra,* 294 F.3d at 499.

District courts have broad discretion to appoint counsel under 28 U.S.C. § 1915. *Montgomery, supra*, 294 F.3d at 498. The Third Circuit has provided guidance for the exercise of that discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact *and* law." *Montgomery*, 294 F.3d at 499 (emphasis added). If the plaintiff's case satisfies this review, other factors to be examined are:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Montgomery*, 294 F.3d at 499, citing *Tabron*, 6 F.3d at 155-57.

Applying the relevant *Tabron* factors to Meier's request, we find that he has failed to present special circumstances which would justify the appointment of counsel at this point. Initially, it must be noted that this case is in the very early stages of

-3-

litigation.  The Prison Health Care Services, Inc. ("PHS") Defendants have challenged the legal sufficiency of Plaintiff's claims against them while the Department of Corrections defendant has filed an Answer.  The Court is not inclined to appoint counsel when the legal merit of Plaintiff's action is in question, and some, if not all, of the present action may not survive the PHS defendants' motion to dismiss.  This is especially true where Meier has failed to oppose the motion.  Furthermore, we do not believe that Meier will be substantially prejudiced if we do not appoint counsel at this time.  Plaintiff has demonstrated through his submissions to the Court his ability to present his own case.  The level of detail presented by Plaintiff to date unequivocally shows that he is capable of advancing comprehensible arguments. Moreover, noticeably absent in Meier's request for counsel in this matter is any claim that, aside from his financial situation and his belief that his claims involve complex legal issues and the obvious fact of his incarceration, he suffers any impediment to his ability to represent himself in this matter.  Further, any concern over his inexperience as a litigant is unnecessary as his pro se pleadings are given a liberal construction.  *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

*B. Meier's Motion for Appointment of An
Expert Pursuant to Fed.R.Evid. 706.*

Meier requests that the Court appoint an expert witness based on his need to present expert medical testimony, presumably to challenge the appropriateness of the medical care he received from defendants. (Doc. 10). He argues that the appointment of such an expert would assist the Court and jury as to the factual claims involved in his case. (*Id.*) Pursuant to Fed.R.Evid. 706, the Court is neither required to appoint an expert, nor does it have the authority to finance an expert on behalf of Plaintiff.

Rule 706 states that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Fed.R.Evid. 706(a). Section (b) of the Rule charges the compensation of court-appointed experts to the parties and as costs. Rule 706, however, allows only for the appointment of an expert *to aid the Court*, and not for the purpose of aiding an indigent litigant, incarcerated or not. At this point in time, such a motion is premature as the Court is not currently in need of such an independent medical expert for fact-finding purposes. To the extent Meier wants the Court to hire an expert medical witness to assist him in the presentation of his case, this Court is neither required, nor does it have the authority, to pay for an expert for plaintiff. As one jurist has noted, a court has "no more authority to appoint an expert witness

-5-

at government expense for this indigent pro se plaintiff proceeding under 28 U.S.C. § 1915(d) than . . . it [has] to require counsel to represent him." *Parham v. Johnson*, 7 F. Supp. 2d 595, 600 n. 5 (W.D. Pa. 1998); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (§ 1915 does not authorize district courts to provide expert witness fees for indigent parties in civil actions).

*III.   Conclusion*.

Accordingly, Meier's request for counsel and request for an expert medical witness to assist the Court and jury will be denied without prejudice.  In the event, however, that future proceedings demonstrate the need for counsel, or expert witness, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed by Meier.

We will issue an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: December 13, 2005

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT MEIER,                   :
                                 :
     Plaintiff                   :
                                 :    CIVIL NO. 1:CV-05-1976
     vs.                         :
                                 :    (Judge Caldwell)
BRENDA WILDENSTEIN, et al.,      :
                                 :
     Defendants                  :
```

*O R D E R*

AND NOW, this 13th day of December, 2005, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED THAT Plaintiff's Motion for Appointment of Counsel and Expert Witness (Doc. 10), is DENIED.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge